NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 13 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| XIA LI,<br><br>            Petitioner,<br><br>    v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>            Respondent. | No.    16-70953<br><br>Agency No. A089-997-347<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2022[**]
Pasadena, California

Before:  CALLAHAN and VANDYKE, Circuit Judges, and EZRA,[***] District Judge.

Petitioner Xia Li petitions for review of a decision of the Board of

Immigration Appeals (BIA) affirming the order of an Immigration Judge denying

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"We review the denial of asylum, withholding of removal and CAT claims for substantial evidence." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). Likewise, "[w]e review factual findings, including adverse credibility determinations, for substantial evidence." *Lalayan v. Garland*, 4 F.4th 822, 826 (9th Cir. 2021) (quoting *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014)). "[T]here is no presumption that an applicant for relief is credible, and the [Immigration Judge] is authorized to base an adverse credibility determination on 'the totality of the circumstances' and 'all relevant factors.'" *Ling Huang v. Holder*, 744 F.3d 1149, 1152–53 (9th Cir. 2014) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).

Inconsistencies pervade and undermine many aspects of Petitioner's story provided to the agency. *See Martinez-Sanchez v. INS*, 794 F.2d 1396, 1400 (9th Cir. 1986). She was inconsistent about her arrest for solicitation to commit prostitution, her claims of "surveillance," her work history, and her abortion procedure. Concerning Petitioner's arrest, which she did not disclose in her application, she initially tried to avoid answering questions, claiming that she was uncertain about the definition of "arrest." When pressed, Petitioner responded that the incident was "just hearsay." Similarly, despite her numerous claims that the Chinese government

2

"placed [her] under surveillance," when asked why she failed to provide evidence regarding the practice of surveillance in China—despite being instructed to do so by the immigration judge—she feigned ignorance and responded, "What do you mean surveillance? What surveillance?"

Regarding her work history, Petitioner initially claimed that she was fired for violating China's one-child policy and remained unemployed for more than a decade. But she later testified that she "sometimes" worked as an "office clerk" for various employers during overlapping periods of time that constantly changed throughout her testimony. All of this contradicted her application, in which she claimed to be a "derictor [sic] of department" for the Henan No. 4 Construction Firm during the same period.

Finally, concerning her abortion, she initially claimed that "forceps" were used during the procedure. But when the immigration judge questioned the use of forceps, she claimed that a "dilator" was used. And when asked why she first said "forceps," she claimed to have no idea what tools were used.

Although Petitioner offers "plausible" explanations for *some* of her inconsistencies, none is sufficiently compelling to require crediting her testimony. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). Substantial evidence thus supports the immigration judge's adverse credibility determination. *See Lalayan*, 4 F.4th at 826. And without Petitioner's testimony, the remaining evidence

3

in the record does not compel the conclusion that the agency erred in denying her asylum application. *See Duran-Rodriguez*, 918 F.3d at 1028.

To qualify for withholding of removal, Petitioner must satisfy a more stringent standard and demonstrate that it is "more likely than not" she would be persecuted on account of a protected ground if returned to China. 8 C.F. R. § 1208.16(b)(2). Because she has not established eligibility for asylum, she "necessarily fails to satisfy the more stringent standard for withholding of removal." *Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004).

Finally, to qualify for relief under CAT, Petitioner must demonstrate that it is more likely than not she would be tortured if removed to China. *See* 8 C.F.R. § 1208.16(c)(2). Petitioner's claim for CAT protection is based on the same evidence as her asylum and withholding claims. But Petitioner was properly found to lack credibility. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003). And Petitioner's remaining evidence does not, standing alone, compel the conclusion that it is more likely than not that she would be tortured if returned to China. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir. 2006).

**PETITION DENIED**.